**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**FILED IN OFFICE**

AUG - 7 2009

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

RABBI SHALOM LEWIS                          )
                                            )
    Plaintiff,                            )
                                            )
    v.                                    )  Civ. Act. No. 2009cv173206
                                            )
TOMMY IRVIN,                                )
in his official capacity as Commissioner of the )
Georgia Department of Agriculture;          )
                                            )
    Defendant.                            )
                                            )

## FIRST AMENDED COMPLAINT

Plaintiff RABBI SHALOM LEWIS files this Complaint against Defendant TOMMY IRVIN, in his official capacity as Commissioner of the Georgia Department of Agriculture, and in support hereof, respectfully shows the Court the following:

### PARTIES

1. Plaintiff RABBI SHALOM LEWIS ("Rabbi Lewis") is the Rabbi of Congregation Etz Chaim in Cobb County, Georgia, and is a resident of Cobb County, Georgia. In his capacity as Rabbi of the Etz Chaim Congregation, Rabbi Lewis supervises the preparation of kosher products and foodstuffs.

2. As one who supervises the preparation of kosher products and foodstuffs, Rabbi Lewis is subject to the Kosher Food Labeling Act, O.C.G.A. Art. 26-11 (the "Georgia Kosher Laws").

3. Rabbi Lewis is a taxpayer in the State of Georgia. Accordingly, all monies necessarily spent by the State to (a) educate State officials and employees about the Georgia

Kosher Laws, (b) enforce the Georgia Kosher Laws, and (c) make the public aware of the existence of the Georgia Kosher Laws causes distinct and palpable injuries to Rabbi Lewis.

4.     Defendant TOMMY IRVIN is the Commissioner of the Georgia Department of Agriculture. Defendant Irvin is sued in his official capacity.

5.     Defendant is empowered and directed by law to enforce the Georgia Kosher Laws. Defendant Commissioner Tommy Irvin administers state laws, rules and regulations for retail and wholesale grocery stores, retail seafood stores and places in the business of food processing and plants.

## JURISDICTION

6.     This action has been commenced to challenge the constitutionality of the Kosher Food Labeling Act, O.C.G.A. Art. 26-11.

7.     The Court has subject matter jurisdiction, pursuant to Art. VI, § IV, Para. I of the Constitution of the State of Georgia.

## BACKGROUND ON KOSHER REQUIREMENTS

8.     "Kosher" is a word derived from Yiddish and/or Hebrew that is generally accepted to mean sanctioned by Jewish law; ritually fit for use; and/or selling or serving food ritually fit according to Jewish law, *e.g.*, a kosher restaurant. Keeping "kosher," also sometimes referred to as observing "*kashruth*," "is one of the pillars of Jewish life - especially Jewish home life." Dayan Dr. I. Grunfeld, THE JEWISH DIETARY LAWS, Vol. I, inside front dust jacket (The Soncino Press, 3rd ed. 1982).

9.     The dietary laws that regulate *kashruth* ". . . are a fundamental part of the Divine legislation for the Jew. . . ." *Id.* Fundamental rules of *kashruth* are set forth in the Pentateuch — the first five (5) books of the Bible — and are amplified in the *Shulhan Aruch*

- 2 -

and other Jewish writings and in the *halacha*. Halacha is "the body of Jewish law supplementing the scriptural law and forming especially the legal part of the Talmud." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/halacha (Sept. 24, 2008).

10.     The meaning of the Jewish laws governing *kashruth* is open to interpretation. While there is a consensus amongst Jews as to some fundamental laws of *kashruth*, even within the Orthodox Jewish community there are differences of opinion as to matters of *kashruth*. There is even a greater diversity of opinion as to the rules governing *kashruth* when one factors in the Chassidic Jews, Conservative Jews, and other kosher consumers.

11.     There are deviations between the Orthodox Jewish community's interpretation of the Jewish laws governing *kashruth* and the Union of Traditional Judaism's interpretation of some of the Jewish laws governing *kashruth*. Similarly, there are deviations between the Orthodox Jewish community's interpretation of the Jewish laws governing *kashruth* and each of (a) the Conservative Jewish community's interpretation of some of the Jewish laws governing *kashruth*, (b) the Reform Jewish community's observance of the Jewish laws governing *kashruth*, and (c) the Reconstructionist Jewish community's observance of the Jewish laws governing *kashruth*.

12.     Specific differences between the Orthodox and Conservative Jewish communities include opposing views on whether swordfish and sturgeon may be eaten under the dietary laws governing *kashruth*. Unlike Orthodox Jews, many Conservative Jewish denominations also believe that a product is not automatically rendered unacceptable if it contains animal gelatin (often used for marshmallows) or rennet (frequently used in the process of making cheese). There are other food items, including many dairy products and

wines, for which Orthodox Jewish denominations require approval, but many non-Orthodox Jews deem acceptable without being certified as kosher.

13.     These differences of interpretation also exist even separate of the Orthodox Jewish Community.  There are deviations between the Union of Traditional Judaism's interpretation of the Jewish laws governing *kashruth* and the Conservative Jewish community's interpretation of some of the Jewish laws governing *kashruth*.  Similarly, there are deviations between the Union of Traditional Judaism's interpretation of the Jewish laws governing *kashruth* and each of (a) the Reform Jewish community's observance of the Jewish laws governing *kashruth* and (b) and the Reconstructionist Jewish community's observance of some of the Jewish laws governing *kashruth*.  Finally, there are deviations between the Conservative Jewish community's interpretation of the Jewish laws governing *kashruth* and each of (a) the Reform Jewish community's observance of the Jewish laws governing *kashruth* and (b) the Reconstructionist Jewish community's observance of the Jewish laws governing *kashruth*.

14.     Whether a food may be certified as kosher is a theological matter and not a legal issue.  The term "kosher," as it appears in the Georgia Kosher Laws, is vague, obscure, and ambiguous and wants of any ascertainable standard.

**THE GEORGIA KOSHER LAWS**

15.     The Georgia Kosher Laws were enacted under color of state law.  Further, the Georgia Kosher Laws are enforced under color of state law.

16.     The State of Georgia has taken the official position that, in the context of the Georgia Kosher Laws, "kosher" is defined to mean kosher in accordance with "orthodox Hebrew religious rules and requirements."  O.C.G.A. § 26-2-330.  (For the purposes of this

- 4 -

complaint, "Hebrew" shall be deemed synonymous with the "Jewish" religion.)

17. The Georgia Kosher Laws require that, in the State of Georgia, food sold as kosher must be kosher in accordance with "orthodox Hebrew religious rules and requirements." *Id.* The Georgia Kosher Laws provide that possession of non-kosher food in any place of business advertising the sale of "kosher" food is *prima facie* evidence that the person in possession exposes the same for sale with intent to defraud. Criminal sanctions can be imposed for violations of the Georgia Kosher Laws. *See* O.C.G.A. § 26-2-335.

18. The State of Georgia has not, either in the context of the Georgia Kosher Laws or otherwise, enacted any legislation purporting to establish that the word kosher as used in the Georgia Kosher Laws means anything other than kosher "in accordance with orthodox Hebrew religious rules and requirements." *Id.* The State of Georgia has not undertaken to limit or define these Orthodox Hebrew religious rules and requirements but has incorporated them into the statute by reference.

19. Whether a food may be certified as kosher is a theological matter and not a legal issue. The phrase "orthodox Hebrew religious rules and requirements" as used in the Georgia Kosher Laws is vague, obscure, and ambiguous and wants of any ascertainable standard.

## KOSHER SUPERVISION

20. Those purporting to deal in kosher foodstuffs typically are supervised by an individual or agency qualified to make that designation. This supervision is commonly referred to as *hashgacha*.

21. A supervising individual or agency usually posts his/her/its *imprimatur* on the supervised facility. This *imprimatur* is commonly referred to as a *hecksher*. The

supervising individual or agency posts its *hecksher* to give notice of the supervision.

22.     When a supervising individual or agency grants its *hecksher* to a purveyor of kosher foodstuffs, the supervising individual and/or agency generally designates one or more individuals to monitor the purveyor's compliance with the rules governing *kashruth*. The individual and/or agency that monitors the purveyor's compliance with the rules governing *kashruth* being referred to as the *mashgiach*.

23.     There may be an incalculable number of additional individuals and/or agencies which offer kosher supervision, and the Orthodox Jewish community does not universally accept many of the Orthodox Jewish supervisory agencies' *hashgacha* as reliable in matters of *kashruth*. For this reason, persons who seek to observe *kashruth* in accordance with Orthodox Hebrew religious rules and requirements are generally advised to seek guidance from their rabbis as to the reliability of the supervising individual or agency.

## PLAINTIFF'S KASHRUTH

24.     Plaintiff Rabbi Lewis is a duly ordained rabbi of the Jewish faith who is observant in accordance with the tenets of Conservative Judaism. Rabbi Lewis is therefore not observant in accordance with the tenets of Orthodox Judaism.

25.     Serving as the *mashgiach* of certain kosher food operations is a necessary and vital service that Rabbi Lewis must provide to his congregation. At the times relevant hereto, Rabbi Lewis has served as the *mashgiach* of kosher food operations both for his congregation and for others outside his congregation. Operators preparing food under the supervision of Rabbi Lewis have adhered to the rules of *kashruth* as interpreted by him.

26.     Plaintiff is continuously subject to the Georgia Kosher Laws and the criminal penalties that can be imposed for a violation thereof. Because Rabbi Lewis cannot certify the

- 6 -

preparation of food in accordance with Orthodox Hebrew requirements, the Georgia Kosher Laws prohibit Rabbi Lewis from serving as the *mashgiach* of any kosher food operations. The existence of the Georgia Kosher Laws has therefore impaired the exercise of Rabbi Lewis' religion and jeopardized his ability to provide the services a duly ordained rabbi of the Jewish faith necessarily performs as *mashgiach* of certain kosher food operations.

27.    Because Rabbi Lewis is necessarily called to certify the preparation of food in accordance with Conservative Hebrew requirements, Rabbi Lewis' faith requires him to violate the Georgia Kosher Laws. Rabbi Lewis credibly fears that the Georgia Kosher Laws will be enforced against him, which would irreparably damage his reputation, subject him and his congregation to criminal charges and fines, and impair the exercise of his religion. This credible fear is a distinct and palpable injury attributable to the Georgia Kosher Laws.

## NATURE OF THE ACTION

28.    In light of the significant harm caused by the Georgia Kosher Laws, Plaintiff Rabbi Lewis has commenced this action to request the Court to redress these injuries by declaring the Georgia Kosher Laws to be unconstitutional, void, and unenforceable under the United States Constitution and the Constitution of the State of Georgia. Plaintiff also seeks costs and attorneys' fees.

## COUNT I — THE GEORGIA KOSHER LAWS VIOLATE THE FREE EXERCISE CLAUSE OF THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

29.    Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

30.    The Georgia Kosher Laws impose "orthodox Hebrew religious rules and requirements" as the statutory criteria. O.C.G.A. § 26-2-330.

- 7 -

31. The Georgia Kosher Laws neglect to take into consideration the fact that many throughout the State of Georgia and the United States, while seeking "kosher" products, do not observe *kashruth* in accordance with "orthodox Hebrew religious rules and requirements."

32. The adoption of "orthodox Hebrew religious rules and requirements" as the criteria pursuant to which food is deemed "kosher" not only prevents many non-Orthodox Jews from practicing their religion in accordance with their particular beliefs but also criminalizes them for the free exercise of their religion as protected by the United States Constitution. The Georgia Kosher Laws violate the rights of the Plaintiff and others similarly situated to the free exercise of religion as guaranteed by the Free Exercise Clause of the First Amendment to the Constitution of the United States of America.

33. The Georgia Kosher Laws are not neutral, generally applicable laws, but instead target a specific religious practice and set of beliefs, and expressly disfavor Plaintiff's faith.

34. By virtue of the infringement upon the Plaintiff's fundamental constitutional rights, the Georgia Kosher Laws are subject to strict scrutiny, which requires that the laws be narrowly tailored to serve a compelling state interest. The Georgia Kosher Laws, as enacted, are not narrowly tailored to serve a compelling state interest. Under a test of strict scrutiny, the Georgia Kosher Laws do not withstand constitutional muster.

35. Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void, and unenforceable.

## COUNT II — THE GEORGIA KOSHER LAWS VIOLATE THE FREE EXERCISE CLAUSE OF THE GEORGIA CONSTITUTION

36. Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

37.     The Georgia Kosher Laws impose "orthodox Hebrew religious rules and requirements" as the statutory criteria. O.C.G.A. § 26-2-330.

38.     The Georgia Kosher Laws neglect to take into consideration the fact that many throughout the State of Georgia and the United States, while seeking "kosher" products, do not observe *kashruth* in accordance with "orthodox Hebrew religious rules and requirements."

39.     The adoption of "orthodox Hebrew religious rules and requirements" as the criteria pursuant to which food is deemed "kosher" not only prevents many non-Orthodox Jews from practicing their religion in accordance with their particular beliefs but also criminalizes them for the free exercise of their religion as protected by the Georgia Constitution. The Georgia Kosher Laws violate the rights of the Plaintiff and others similarly situated to the free exercise of religion as guaranteed by Article I, § I, Para. II of the Georgia Constitution.

40.     The Georgia Kosher Laws are not neutral, generally applicable laws, but instead target a specific religious practice and set of beliefs, and expressly disfavor Plaintiff's faith.

41.     By virtue of the infringement upon the Plaintiff's fundamental constitutional rights, the Georgia Kosher Laws are subject to strict scrutiny, which requires that the laws be narrowly tailored to serve a compelling state interest. The Georgia Kosher Laws, as enacted, are not narrowly tailored to serve a compelling state interest. . Under a test of strict scrutiny, the Georgia Kosher Laws do not withstand constitutional muster.

42.     Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void, and unenforceable.

## COUNT III - THE GEORGIA KOSHER LAWS VIOLATE THE ESTABLISHMENT CLAUSE OF THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

43.     Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth

herein.

44.     The Georgia Kosher Laws prohibit any person from selling any meat or food product, representing same to be kosher, unless the meat or food product is prepared "in accordance with the orthodox Hebrew religious rules and requirements." O.C.G.A. § 26-2-330. The Georgia Kosher Laws include a criminal statute which provides for the punishment of an offender with imprisonment. O.C.G.A. § 26-2-335.

45.     The enactment, adoption and necessary interpretation of the Georgia Kosher Laws wrongfully establishes "orthodox Hebrew religious rules and requirements" as the statutory criteria in violation of the Establishment Clause of the First Amendment to the Constitution of the United States of America.

46.     The enforcement by the State of Georgia and/or by its agencies or courts of the Jewish laws is an impermissible entanglement of affairs of church and state.  The enforcement of a religious dietary law by criminal statute amounts to an active promotion and recognition of Orthodox Judaism by the State of Georgia and a disfavoring of all other branches of Judaism, in violation of the Establishment Clause of the First Amendment to the Constitution of the United States of America.

47.     Any determination of the guilt or innocence of a party accused of violating the Georgia Kosher Laws would require courts to interpret and apply Jewish law.  The requirement that a civil court interpret and/or apply Jewish law constitutes unlawful entanglement and violates the  First Amendment to the Constitution of the United States of America.

48.     Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void, and unenforceable.

## COUNT IV - THE GEORGIA KOSHER LAWS VIOLATE THE ESTABLISHMENT CLAUSE OF THE GEORGIA CONSTITUTION

49.     Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

50.     The Georgia Kosher Laws prohibit any person from selling any meat or food product, representing same to be kosher, unless the meat or food product is prepared "in accordance with the orthodox Hebrew religious rules and requirements." O.C.G.A. § 26-2-330. The Georgia Kosher Laws include a criminal statute which provides for the punishment of an offender with imprisonment. O.C.G.A. § 26-2-335.

51.     The enactment, adoption and necessary interpretation of the Georgia Kosher Laws wrongfully establishes "orthodox Hebrew religious rules and requirements" as the statutory criteria in violation of Article I, § II, Para. VII of the Georgia Constitution.

52.     The enforcement by the State of Georgia and/or by its agencies or courts of the Jewish laws is an impermissible entanglement of affairs of church and state.   The enforcement of a religious dietary law by criminal statute amounts to an active promotion and recognition of Orthodox Judaism by the State of Georgia and a disfavoring of all other branches of Judaism, in violation of Article I, § II, Para. VII of the Georgia Constitution.

53.     Any determination of the guilt or innocence of a party accused of violating the Georgia Kosher Laws would require courts to interpret and apply Jewish law.  The requirement that a civil court interpret and/or apply Jewish law constitutes unlawful entanglement and violates the provisions of Article I, § I, Para. IV of the Georgia Constitution.

54.     Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void, and unenforceable.

## COUNT V — THE GEORGIA KOSHER LAWS VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

55. Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

56. The Georgia Kosher Laws impose "orthodox Hebrew religious rules and requirements" as the statutory criteria. O.C.G.A. § 26-2-330. The Georgia Kosher Laws neglect to take into consideration the fact that many throughout the State of Georgia and the United States, while seeking "kosher" products, do not observe *kashruth* in accordance with "orthodox Hebrew religious rules and requirements."

57. By adopting "orthodox Hebrew religious rules and requirements" as the statutory criteria, the Plaintiff, and every Jewish individual who observes *kashruth* in accordance with standards other than "orthodox Hebrew religious rules and requirements," are being deprived of the equal protection of the law in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

58. By virtue of the infringement upon the Plaintiff's fundamental constitutional rights, the Georgia Kosher Laws are subject to strict scrutiny. That strict scrutiny requires that the laws be narrowly tailored to serve or promote a compelling state interest. That the Georgia Kosher Laws, as enacted, are not narrowly tailored to promote a compelling state interest. Under a test of strict scrutiny, the Georgia Kosher Laws do not withstand constitutional muster.

59. Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void and unenforceable.

## COUNT VI — THE GEORGIA KOSHER LAWS VIOLATE THE EQUAL PROTECTION CLAUSE OF THE GEORGIA CONSTITUTION

60.     Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

61.     The Georgia Kosher Laws impose "orthodox Hebrew religious rules and requirements" as the statutory criteria. O.C.G.A. § 26-2-330. The Georgia Kosher Laws neglect to take into consideration the fact that many throughout the State of Georgia and the United States, while seeking "kosher" products, do not observe *kashruth* in accordance with "orthodox Hebrew religious rules and requirements."

62.     By adopting "orthodox Hebrew religious rules and requirements" as the statutory criteria, the Plaintiff, and every Jewish individual who observes *kashruth* in accordance with standards other than "orthodox Hebrew religious rules and requirements," are being deprived of the equal protection of the law in violation of the Article I, § I, Para. II of the Georgia Constitution.

63.     By virtue of the infringement upon the Plaintiff's fundamental constitutional rights, the Georgia Kosher Laws are subject to strict scrutiny. That strict scrutiny requires that the laws be narrowly tailored to serve a compelling state interest. That the Georgia Kosher Laws, as enacted, are not narrowly tailored to serve a compelling state interest. Under a test of strict scrutiny, the Georgia Kosher Laws do not withstand constitutional muster.

64.     Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void and unenforceable.

## COUNT VII — THE GEORGIA KOSHER LAWS VIOLATE THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

65. Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

66. Due process requires statutes to have a sufficient degree of precision to provide a person of ordinary intelligence notice that contemplated conduct is forbidden by statute. This is particularly true with respect to laws, like the Georgia Kosher Laws, that impose criminal penalties.

67. The term "kosher" is not sufficiently precise so as be self-defining nor is the word a term the meaning of which can easily be discerned, nor is it defined within the Georgia Kosher Laws or within any other Georgia statute. The word "kosher," as used in the Georgia Kosher Laws, is unconstitutionally vague for want of any ascertainable standard in violation of the United States Constitution.

68. That the phrase "orthodox Hebrew religious rules and requirements" is not sufficiently precise so as be self-defining nor is the phrase a term the meaning of which can easily be discerned, nor is it defined within the Georgia Kosher Laws or within any other Georgia statute. The phrase "orthodox Hebrew religious rules and requirements," as used in the Georgia Kosher Laws, is unconstitutionally vague for want of any ascertainable standard.

69. The purported purpose of the Georgia Kosher Laws is to protect consumers by preventing fraud in the sale and distribution of kosher food. The Georgia Kosher Laws provide that possession of non-kosher food in any place of business advertising the sale of "kosher" food is *prima facie* evidence that the person in possession exposes the same for sale with intent to defraud. Criminal sanctions can be imposed for violations of the Georgia Kosher Laws.

Given that there is significant disagreement as to what constitutes "kosher" food, there is no definable standard which establishes the elements of the crime with legally sufficient specificity. The Georgia Kosher Laws are unconstitutionally overbroad and vague and fail to give fair notice to the Plaintiff and others similarly situated in violation of the Due Process Clause of the United States Constitution.

70.     Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void and unenforceable.

## COUNT VIII — THE GEORGIA KOSHER LAWS VIOLATE THE DUE PROCESS CLAUSE OF THE GEORGIA CONSTITUTION

71.     Paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein.

72.     Due process requires statutes to have a sufficient degree of precision to provide a person of ordinary intelligence notice that contemplated conduct is forbidden by statute. This is particularly true with respect to laws, like the Georgia Kosher Laws, that impose criminal penalties.

73.     The term "kosher" is not sufficiently precise so as be self-defining nor is the word a term the meaning of which can easily be discerned, nor is it defined within the Georgia Kosher Laws or within any other Georgia statute. The word "kosher," as used in the Georgia Kosher Laws, is unconstitutionally vague for want of any ascertainable standard in violation of the Georgia Constitution.

74.     That the phrase "orthodox Hebrew religious rules and requirements" is not sufficiently precise so as be self-defining nor is the phrase a term the meaning of which can easily be discerned, nor is it defined within the Georgia Kosher Laws or within any other

Georgia statute. The phrase "orthodox Hebrew religious rules and requirements," as used in the Georgia Kosher Laws, is unconstitutionally vague for want of any ascertainable standard.

75. The purported purpose of the Georgia Kosher Laws is to protect consumers by preventing fraud in the sale and distribution of kosher food. The Georgia Kosher Laws provide that possession of non-kosher food in any place of business advertising the sale of "kosher" food is *prima-facie* evidence that the person in possession exposes the same for sale with intent to defraud. Criminal sanctions can be imposed for violations of the Georgia Kosher Laws. Given that there is significant disagreement as to what constitutes "kosher" food, there is no definable standard which establishes the elements of the crime with legally sufficient specificity. The Georgia Kosher Laws are unconstitutionally overbroad and vague and fail to give fair notice to the Plaintiff and others similarly situated in violation of Article I, § I, Para. II of the Georgia Constitution.

76. Accordingly, Plaintiff seeks a judgment of this court declaring the Georgia Kosher Laws to be unconstitutional, void and unenforceable.

## RELIEF

77. This action has been necessitated by the State of Georgia's failure to comply with the Georgia and United States Constitutions. Accordingly, Plaintiff is entitled to recovery of his attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, RABBI SHALOM LEWIS, respectfully requests that Defendant TOMMY IRVIN, in his official capacity as Commissioner of the Georgia Department of Agriculture, be compelled to appear and answer herein, and that, upon final hearing hereof, the Court:

(1)     declare and find that the Kosher Food Labeling Act, O.C.G.A. Art. 26-11, is invalid as it violates the United States Constitution;

(2)     declare and find that the Kosher Food Labeling Act, O.C.G.A. Art. 26-11, is invalid as it violates the Constitution of the State of Georgia;

(3)     grant injunctive and mandamus relief, prohibiting the Defendant from enforcing the provisions of the Kosher Food Labeling Act, O.C.G.A. Art. 26-11;

(4)     award Plaintiff his attorneys' fees and costs herein, together with such other and further relief to which said Plaintiff may show himself justly entitled or to which the Court deems proper; and

(5)     such other and further relief as this Court may deem just and appropriate.

This 7th day of August, 2009.

Respectfully Submitted,

_____

Randy J. Butterfield
    Ga. Bar. No. 100120
Anthony Ventry, III
    Ga. Bar. No. 141372
John C. Bottini
    Ga. Bar. No. 141740
Jordan T. Stringer
    Ga. Bar. No. 130736
KING & SPALDING LLP
1180 Peachtree St.
Atlanta, GA 30309
Phone: (404) 572-4600
Facsimile: (404) 572-5100

Chara Fisher Jackson
    Ga. Bar. No. 386101
ACLU of Georgia
1900 The Exchange, SE
Building 400, Suite 425
Atlanta, GA 30339
Phone: 770.303.8111
Fax: 770.303.0060

Daniel Mach
    (pro hac vice motion forthcoming)
ACLU Foundation
Program on Freedom of Religion and Belief
915 15th Street, NW
Washington, DC 20005
Phone: 202.548.6604
Fax.: 202.546-0738

ATTORNEYS FOR PLAINTIFF

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

RABBI SHALOM LEWIS, )
)
    Plaintiff, )
)
        v. )   Civ. Act. No. <u>2009cv173206</u>
)
TOMMY IRVIN, )
in his official capacity as Commissioner of the )
Georgia Department of Agriculture; )
)
    Defendant. )
)

## CERTIFICATE OF SERVICE

    COME NOW Plaintiff RABBI SHALOM LEWIS, pursuant to Superior and State Court Uniform Rule 5.2, and notify the Court that Plaintiff served upon Defendant a copy of foregoing by hand delivery to the addressed as follows:

Governor Sonny Perdue
Capitol
214 State Capitol
Atlanta, GA 30334

Attorney General Thurbert Baker
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

Commissioner Tommy Irvin
Georgia Department of Agriculture
19 Martin Luther King, Jr. Dr., S.W.
Atlanta, GA 30334

This 7th day of August, 2009.

_____
Anthony Ventry, III